Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 469 - 1, 6 | **DATE** | 4/10/2002 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs. BAINBRIDGE MANAGEMENT, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Bainbridge Management, Inc.'s motion to dismiss the indictment [120-1] is denied. The Bainbridge defendants' joint motion for a bill of particulars [125-1] is denied. The motion for discovery under Fed. R. Crim. P. 16(a)(1)(A) [124-1] is granted in part. The government is directed to disclose statements of individuals the government asserts are agents who legally bound Bainbridge, Inc. and Bainbridge, L.P. separately, and identify the agents who bound each defendant by April 22, 2002. The motion is denied in all other respects. The Bainbridge defendants' joint motion for production of exculpatory and impeaching material [126-1] is moot to the extent the government has complied with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). The motion is denied in all other respects. ENTER MEMORANDUM OPINION AND ORDER.

/s/ Suzanne B. Conlon

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. AND | | APR 1 1 2002 | 137 |
| X | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/10/2002 | |
| | | 02 APR 10 PM 3:43 | date mailed notice | |
| CB | courtroom deputy's initials | | BB | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 CR 469 - 1, 6 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| BAINBRIDGE MANAGEMENT, INC. | ) | |
| | ) | **DOCKETED** |
| Defendant. | ) | |
| | ) | APR 1 1 2002 |

## MEMORANDUM OPINION AND ORDER

Bainbridge Management L.P. ("Bainbridge, L.P") and Bainbridge Management, Inc. ("Bainbridge, Inc.") were indicted on various counts of health care fraud, mail and wire fraud, and racketeering under 18 U.S.C. §§ 2, 1341, 1343, 1347, 1962, and 42 U.S.C. § 1320.[1] Bainbridge, Inc. moves to dismiss the indictment. In the alternative, Bainbridge, Inc. and Bainbridge, L.P. (collectively "the Bainbridge defendants") move for a bill of particulars under Fed. R. Crim. P. 7(f), discovery under Fed. R. Crim. P. 16, and production of exculpatory and impeachment materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 427 U.S. 97 (1979).

## BACKGROUND

On a motion to dismiss, the court assumes the truth of the allegations in the indictment. *United States v. Dell*, 736 F. Supp. 186, 191 (N.D. Ill. 1990); *U.S. v. Lytle*, 677 F. Supp. 1370, 1374 n. 8 (N.D. Ill. 1988). Bainbridge L.P. is a limited partnership operated by Bainbridge, Inc., a general

---

[1] The court uses the term "indictment" to refer to the superceding indictment against Bainbridge, L.P., Bainbridge, Inc. and Dr. Andrew Cubria.

1

partner. Bainbridge L.P. served as the exclusive operator of Edgewater Hospital and Medical Center ("Edgewater"). The indictment alleges Bainbridge L.P., Bainbridge, Inc., Edgewater employees, and various physicians engaged in a complex fraudulent scheme to obtain funds from Medicare and Medicaid. Specifically, the indictment alleges defendants unnecessarily hospitalized patients, performed unwarranted medical procedures, provided kickback payments for patient referrals, generated hospital admissions through cash payments and benefits to patients, and falsified hospital records. The individuals who allegedly participated in the scheme with Bainbridge L.P. and Bainbridge, Inc. include: Roger Ehmen, Edgewater's senior vice president, Person A (an Edgewater administrator), Dr. Ravi Barnabas, Dr. Sheshiqiri Rao Vavilikolanu ("Rao"), Dr. Kumar M. Kaliana ("Kumar"), and Dr. Andrew Cubria.

## DISCUSSION

### I. Motion to Dismiss

Bainbridge, Inc. moves to dismiss the indictment. On a motion to dismiss, the court reviews whether the indictment: (1) states the elements of the offenses charged; (2) fairly informs the defendant of the charges; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense. *United States v. Yoon*, 128 F.3d 515, 521-22 (7th Cir. 1997). Indictments are not required to exhaustively describe the facts surrounding a crime or provide lengthy explanations of the elements of the offense. *United States v. Bates*, 96 F.3d 964, 970 (7th Cir. 1996). Under Fed. R. Crim. P. 7(c)(1), an indictment must contain a "plain, concise and definite written statement with the essential facts constituting the offense charged." Generally, a criminal charge is sufficient if it tracks the language of the statute, and provides the minimal facts necessary to inform the defendant of the charge and protects against double jeopardy. *United States v. Ramos*,

2

No. 96 CR 815, 1998 WL 155932, at *2 (N.D. Ill. Apr. 3, 1998).

A corporation may be criminally liable when: (1) the offense charged was committed by an agent or employee of the corporation; (2) the agent or employee intended to benefit the corporation; and (3) the acts of the agent or employee were committed within the authority or scope of employment. *See* Seventh Circuit Criminal Jury Instr., § 5.03 (1999); *see also United States v. One Parcel of Land*, 965 F.2d 311, 316 (7th Cir. 1992); Federal Practice Criminal Jury Instr., § 18.05 (2001). Bainbridge, Inc. does not contend the indictment fails to state the elements of the offenses charged. Instead, Bainbridge, Inc. argues the indictment imputes liability to Bainbridge, Inc. through Bainbridge L.P.'s conduct. Bainbridge, Inc. is a general partner of Bainbridge, L.P. A partnership's criminal conduct is insufficient to impute liability to an individual partner. *United States v. A & P Trucking Co.*, 358 U.S. 121, 126-27 (1958); *United States v. Ansani*, 138 F. Supp. 454, 460 (N.D. Ill. 1956). However, the indictment alleges Bainbridge, L.P., Bainbridge, Inc., and Cubria, with Person A, Ehmen, Barnabas, Rao, Kumar and others participated in the purported fraudulent scheme. Thus, the indictment alleges direct criminal conduct by Bainbridge, Inc., not merely through Bainbridge, L.P. *See* Indictment, Cts. 1 to 57 at ¶ 2.

A corporation can act only through the conduct of its agents. *See* Seventh Circuit Federal Criminal Jury Instr., § 5.03. The indictment states Bainbridge, Inc. carried out the fraudulent scheme with Cubria, Person A, Ehmen, Barnabas, Rao, Kumar, and others. Although Bainbridge, Inc. asserts it did not directly employ the physicians or contract with Edgewater, the government may still argue those individuals were acting as Bainbridge, Inc. agents. A principal-agent relationship is not limited to employment or contractual situations. Under principles of corporate criminal liability, the government must only demonstrate the physicians and Edgewater employees were agents of

3

Bainbridge, Inc., they committed the criminal acts with the intent to benefit Bainbridge, Inc., and their conduct was within the scope of the agency relationship.

On a motion to dismiss, the court does not assess whether the government can prove an agency relationship between Bainbridge, Inc. and Edgewater employees and physicians. *See United States v. Light*, No. 00 CR 417, 2000 WL 875846, at *2-3 (N.D. Ill. Jun. 29, 2000). Moreover, an indictment does not need to set forth details of the government's case. *See United States v. Hankton*, No. 99 CR 274, 2001 WL 893816, at *2 (N.D. Ill. Aug. 6, 2001); *United States v. Devea*, No. 92 CR 652, 1993 WL 195251, at *2 (N.D. Ill. Jun. 7, 1993). The indictment sufficiently states the elements of the offenses charged, and it alleges Bainbridge, Inc. participated in the purported fraudulent scheme with Edgewater employees and physicians. *See e.g.* Indictment, Ct. 9, at ¶ 2. Consequently, the indictment is sufficient to withstand a motion to dismiss.

In the alternative, Bainbridge, Inc. argues the government failed to present evidence to the grand jury to support the indictment. Specifically, Bainbridge, Inc. asserts the government failed to demonstrate a Bainbridge, Inc. agent participated in the alleged fraudulent scheme. Bainbridge, Inc. further asserts the government did not demonstrate to the grand jury that it owned a property interest to support the forfeiture allegations in Count 57. A grand jury is afforded wide discretion in its investigation of criminal activity, and a court's scope of review is extremely narrow. *United States v. Malsom*, 779 F.2d 1228, 1241 (7th Cir. 1985). An indictment that is "valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra*, 414 U.S. 338, 345 (1974); *see Costello v. United States*, 350 U.S. 359, 363 (1956). Similarly, an indictment may not be challenged based on the reliability of evidence presented to the grand jury. *Costello*, 350 U.S. at 363; *Bank of Nova Scotia v. United*

4

*States*, 487 U.S. 250, 261 (1988); *see also United States v. Doerr*, 886 F.2d 944, 963 (7th Cir. 1989) (affirming district court's decision not to examine the evidence submitted to the grand jury); *United States v. Fountain*, 840 F.2d 509, 514 (7th Cir. 1988) (noting the Supreme Court has repeatedly instructed an indictment cannot be dismissed based on the quantity of evidence presented); *Malsom*, 779 F.2d at 1241 (noting that courts have consistently refused to dismiss an indictment when the challenge concerns the quantity of evidence before the grand jury).

The indictment alleges the elements of the offenses charged and identifies the defendants who participated in the purported fraudulent scheme. Pursuant to Fed. R. Crim. P. 7(c)(2), the indictment provides notice to Bainbridge, Inc. that it has a property interest subject to forfeiture under 18 U.S.C §§ 982, 1963. *See* Indictment, Forfeiture Allegations I & II, at ¶ 2. The indictment is valid on its face. Bainbridge, Inc. does not argue the grand jury was illegally constituted or biased. *See Costello*, 350 U.S. at 363. Bainbridge, Inc.'s only challenge to the indictment concerns the quantity of evidence submitted to the grand jury. Accordingly, the motion to dismiss the indictment must be denied. *See United States v. Wood*, 207 F.3d 1222, 1232 n.6 (10th Cir. 2000) (courts do not examine grand jury evidence even where defendant claims no evidence was submitted to support the indictment); *United States v. Mills*, 995 F.2d 480, 487-88 (4th Cir. 1993) (same); *United States v. Short*, 671 F.2d 178, 181 (6th Cir. 1982) (same).

## II.    Motion for a Bill of Particulars

The Bainbridge defendants move for a bill of particulars. Under Fed. R. Crim. P. 7(f), a court may order a bill of particulars if the indictment fails to provide sufficient notice of the charges to allow the defendant to prepare for trial. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). A trial judge has discretion to grant or deny a request for a bill of particulars. *Kendall*, 665 F.2d at

5

134. A defendant is entitled to be informed of the charges against him; he is not entitled to know the details of the government's case. *Id.*; *see also United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991). The court may consider the complexity of the charges, the clarity of the indictment, and the degree of discovery available to the defense absent a bill of particulars. *See, e.g., United States v. Andreas*, No. 96 CR 762, 1998 WL 120352, at *1 (N.D. Ill. Mar. 13, 1998); *United States v. Esteves*, 886 F.Supp. 645, 646 (N.D. Ill. 1995).

Six of the eight items in the Bainbridge defendants' motion were rejected by this court in Bainbridge L.P.'s prior motion to obtain a bill of particulars on the original indictment. This court held Bainbridge L.P.'s request for a bill of particulars inappropriately sought discovery of evidentiary details. The present motion on the superceding indictment requests a bill of particulars on the same matters: (1) the identities of the patient-victims of the alleged offenses; (2) all records claimed to include false entries; (3) the alleged fraudulent bills sent to Medicaid/Medicare or private insurers; (4) the medical tests and procedures the government claims were unnecessary; (5) items of property the government claims are subject to forfeiture; and (6) the names of the alleged co-conspirators. Further, defendants seek the basis of the allegations in Count 1, 9, and 57 that the alleged scheme took place from 1990 to 2000, and an explanation of the amount alleged in the forfeiture allegations.

A bill of particulars is not appropriate. The indictment contains considerable detail about the nature of the alleged Medicare/Medicaid scheme, and the participants who carried out the scheme. The indictment identifies relevant dates and payments, and details the purported unnecessary medical procedures that are central to the fraudulent scheme. The indictment further provides the dates and amount of payments that constitute each wire and mail fraud count. The indictment sets out the purpose of the racketeering enterprise and specifies each racketeering act. In every count, the

6

indictment states the elements of the offenses charged and informs defendants of the government's theory of the purported scheme. In sum, the indictment sufficiently provides notice to defendants of the charged offenses to enable them to prepare for trial.

Defendants' proposed bill of particulars improperly attempts to obtain discovery material. A bill of particulars cannot be used to obtain evidentiary details about the government's case. *United States v. Russo*, No. 97 CR 501, 1988 WL 58594, at *1 (N.D. Ill. Jun. 1, 1988). Further, discovery materials provided to defendants must be considered in determining whether a bill of particulars is necessary. *Kendall*, 665 F.2d at 134. Defendants concede the government has produced voluminous discovery, including witness statements, a *Santiago* proffer, *Jencks* materials, and transcripts of tape recordings it will introduce at trial. The government submits it has an open file discovery policy, which has given the Bainbridge defendants the opportunity to inspect all relevant documentary and physical evidence within the government's possession, including transcripts of grand jury testimony, interview reports, and records. "The nature and operations of the open-file policy is an adequate satisfactory form of information retrieval, making the bill of particulars unnecessary." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1992) (internal quotations omitted); *see also Hankton*, 2001 WL 893816, at *2 (where the government provides additional discovery including a *Santiago* proffer and *Jencks* materials, a bill of particulars is unwarranted). Further, the identity of unindicted co-conspirators do not need to be disclosed in an indictment or a bill of particulars. *United States v. Printen*, No. 93 CR 295, 1995 WL 562110, at *1 (N.D. Ill. Sept. 22, 1995); *United States. v. Coffey*, No. No. 92 CR 203, 1993 WL 424239, at *10 (N.D. Ill. Oct. 19, 1993); *see also United States v. Esteves*, 886 F. Supp. 645, 646-47 (N.D. Ill. 1995) (where the government had an open file policy, a bill of particulars seeking the identities of unindicted co-conspirators was unnecessary).

Consequently, the motion for a bill of particulars must be denied.

### III. Motion for Discovery

The Bainbridge defendants assert the government must identify the individuals who legally bound them to the alleged criminal conduct. Bainbridge, Inc. further contends the government must identify the specific statements that established the principal-agent relationship. Under Rule 16(a)(1)(A), the government must disclose statements of persons who acted as agents on behalf of each entity allegedly engaging in criminal activity. In a March 7, 2002 letter, the government responded to the Bainbridge defendants' request for Rule 16(a)(1)(A) materials. Govt.'s Resp. Br. at 7-8. The government provided the identities of individuals it contends are Bainbridge agents. The government did not distinguish between Bainbridge, Inc. and Bainbridge, L.P, and asserted it had complied and will continue to comply with Rule 16(a)(1)(A). However, the government must differentiate between the two separate defendants to satisfy its Rule 16(a)(1)(A) obligations. Thus, the government is directed to disclose statements of individuals the government asserts are agents who legally bound Bainbridge, Inc. and Bainbridge, L.P. separately, and identify the agents who bound each entity.

The government is not required to identify specific statements it will rely on to establish the principal-agent relationship. Fed. R. Crim. P. 16(a)(1)(A) requires only the government *produce* "any relevant written or recorded statements" of agents of a defendant. Rule 16(a)(1)(A) is not designed to give defendants the details of the government's case. Accordingly, Bainbridge Inc.'s motion for Rule 16 discovery is granted in part and denied in part.

### IV. Motion for *Brady* and *Giglio* Materials

The Bainbridge defendants move for production of all exculpatory and impeachment material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). The due process clause of the United States Constitution imposes an obligation on the government to provide the defense with evidence favorable to the accused that is material to guilt or punishment. *Brady*, 373 U.S. at 88. The government's *Brady* obligation to provide favorable evidence to the defense includes evidence relating to the credibility of prosecution witnesses. *Giglio*, 405 U.S. at 153. Defendants concede the present motion is identical to a previous request by Bainbridge, L.P. for *Brady* and *Giglio* materials on the original indictment. On September 17, 2001, this court held the prior motion was "moot to the extent the government has complied with, and indeed, exceeded its obligations" under *Brady* and *Giglio*. The court denied the motion in all other respects.

Defendants assert the present motion is brought to preserve the record because the superceding indictment is asserted against Bainbridge, Inc, a new defendant. The government acknowledges its obligations under *Brady* and *Giglio*, and states that it has complied and will continue to comply with its obligations. *See United States v. Palumbo*, No. 97 CR 587, 1997 WL 173301, at *3 (N.D. Ill. Apr. 8, 1998) (where government acknowledges its *Brady* and *Giglio* obligations and produced materials, motion to produce exculpatory evidence is moot); *Printen*, 1995 WL 562110, at *2 (same). Further, a number of the Bainbridge defendants' requests are overbroad. Requests 3, 4, 5, and 11 seek summaries or statements to be prepared by the government of various types of evidence. "*Brady* and its progeny do not require the government to conduct an investigation for the defense." *United States v. Senn*, 129 F.3d 886, 893 (7th Cir. 1997). The government has agreed to produce *Brady* or *Giglio* material but it is not required to summarize the material for

9

defendants. Request 1 seeks information about any individual who does not know of illegal activity by the defendants. This evidence is irrelevant because it demonstrates only the defendants did not commit similar crimes on other occasions. *United States v. Winograd*, 656 F.2d 279, 284 (7th Cir. 1981); *United States v. Quintanilla*, 760 F. Supp. 687, 696 (N.D. Ill. 1991). Request 9 seeks agents' handwritten notes. The government agrees to preserve all handwritten notes during interviews of defendants and prospective witnesses. The government states it has provided and will continue to provide agents' written reports. The government further states it will provide the agents' handwritten notes to the extent the notes contain relevant material not contained in the written reports. *See United States v. Colon*, No. 97 CR 659, 1998 WL 214714, at *5 (N.D. Ill. Apr. 21, 1998) (agents' handwritten notes are not discoverable when written reports are provided). Thus, request 9 is moot. Finally, in request 7, the Bainbridge defendants make a blanket request for presentence reports of co-defendants. It is inappropriate to disclose presentence investigation reports merely because defendants speculate the reports contain *Brady* or *Giglio* material. *United States v. Mitchell*, 178 F.3d 904, 908 (7th Cir. 1999); *see also* Local Rule 32.1. The government has an open-file discovery policy and defendants have access to exculpatory and impeaching material. *Id.; see also United States v. Romo*, 914 F.2d 889, 899 (7th Cir. 1990). Accordingly, the Bainbridge defendants' joint motion for exculpatory and impeachment material is moot to the extent the government has complied with its *Brady* and *Giglio* obligations. The motion is denied in all other respects.

April 10, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

10